**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL DONAWA, | ) NO. EDCV 12-00213 DOC (SS) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND ORDER DISMISSING** |
| OFFICER MIA, et al., | ) **FIRST AMENDED COMPLAINT WITH LEAVE** |
| Defendants. | ) **TO AMEND** |

**I.**

**INTRODUCTION**

On November 3, 2011, plaintiff Michael Donawa, a federal prisoner proceeding pro se, filed a civil rights complaint in the Middle District of Florida pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). On May 30, 2012, after the case was transferred to the Central District of California, this Court dismissed the Complaint with leave to amend due to various deficiencies in pleading. Plaintiff filed a

First Amended Complaint ("FAC") on July 12, 2012. For the reasons stated below, the FAC is dismissed with leave to amend.[1]

Congress mandates that district courts initially screen civil complaints filed by a prisoner seeking redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if the Court concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

## II.

### ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Plaintiff names as Defendants three employees of the United States Penitentiary at Victorville in their individual capacities: (1) Warden J.L. Norwood; (2) Captain Brown; and Officer Mia (3) (collectively "Defendants"). (FAC at 3-4). The FAC also names the American Federation of Government Employees ("AFGE"), a labor union representing federal employees within the Federal Bureau of Prisons ("BOP"), in its "official and individual capacity." (Id. at 5).

---

[1] Magistrate Judges may dismiss a complaint with leave to amend without approval of the District Judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Plaintiff alleges that during an inspection, Defendant Mia "grabbed the Plaintiff's testicles through his pants with enough excessive force to evoke an involuntary reaction that caused the Plaintiff's legs to buckle." (Id. at 7). Plaintiff alleges the pain continued through the next day. (Id.). After the incident, "defendant Mia went to her union stewart [sic] seeking to have the plaintiff removed from the scene in order to harass and intimidate, and the defendant ("AFGE") inlisted [sic] a squad of officers to conduct a harassment campaign against the plaintiff in excessive cell and body searches." (Id. at 9). Captain Brown and Warden Norwood ordered that Plaintiff be moved to the Special Housing Unit ("SHU"), where he was subjected "to a series of cell rotation, excessive light illumination and sleep deprivation," according to Defendants' "unlawful master agreement." (Id. at 10). Plaintiff also alleges that all Defendants met and organized Plaintiff's removal from Victorville Penitentiary to Coleman Federal Penitentiary, where he is currently housed. (Id. at 3, 10).

Plaintiff seeks $25,000 in monetary damages and $25,000 in punitive damages from each Defendant. (Id. at 11). Plaintiff also requests "[d]issolution of the collective bargaining agreement between [the AFGE] and [the BOP] mandating that Federal Employee rights be given any and all preferential treatment over inmate rights." (Id.).

**III.**

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's FAC due to defects in pleading. Pro se litigants in civil

rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. See Lopez, 203 F.3d at 1128-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

### A. The American Federal Government Employees Union Local Is Not A Proper Defendant

To the extent that Plaintiff is attempting to sue or seek relief from the AFGE, the FAC is defective because a civil rights action against a federal defendant under Bivens may be brought only against the offending individual officer. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001); id. at 70-71 (explaining that because the "purpose of Bivens is to deter individual federal officers from committing constitutional violations," the "deterrent effects of the Bivens remedy would be lost" if the Court "were to imply a damages action directly" against agencies). As a labor union, the AFGE is not an individual officer or federal employee, as Plaintiff himself recognizes. (FAC at 5). Accordingly, the AFGE is an improper defendant in a Bivens action. In any amended complaint, to the extent that Plaintiff asserts a constitutional civil rights claim, Plaintiff may not name as a Defendant or seek relief from the AFGE.

### B. The FAC Fails To Allege Sufficient Facts To State A Claim For Conspiracy

Plaintiff alleges a conspiracy among Defendants to violate his civil rights, although the nature of the conspiracy, and even the

identity of its participants and their specific involvement, is not clear. (FAC at 2-4, 9-10). "To state a cause of action [for conspiracy to interfere with civil rights], a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); see also 42 U.S.C. § 1985. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," by themselves, to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Plaintiff fails to allege any factual support for his vague claims of conspiracy. Plaintiff must show that individual Defendants conspired to deprive him of his constitutional rights. Plaintiff must clearly explain the nature and purpose of the conspiracy and what each individual Defendant did as a participant in the conspiracy. See Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) (requiring "sufficient allegations of underlying facts" showing the involvement of each defendant in the constitutional violation to state a claim). To the extent that the purported conspiracy consisted of transferring Plaintiff to the SHU or another prison, the claim fails because, as further discussed below, Plaintiff does not have a constitutional right to any particular housing. (FAC at 10). To the extent that the alleged conspiracy consisted of colluding to "bargain[] away inmate rights," the claim fails because it is nothing more than a vague and "threadbare

recital" of the elements of a claim. (<u>Id.</u>). As such, the FAC must be dismissed with leave to amend.

### C. **The FAC Fails To State A Claim To The Extent that Plaintiff Alleges A Right To Be Housed In A Particular Prison**

Even apart from his conspiracy allegations, it appears that Plaintiff may be attempting to state a claim based on his removal from Victorville Penitentiary or his placement in the SHU. (FAC at 10). However, prisoners have no constitutional right to be housed in a particular prison. <u>Olim v. Wakinekona</u>, 461 U.S. 238, 103 S.Ct. 1741, 75 L. Ed. 2d 813 (1983); <u>see also</u> <u>Meachum v. Fano</u>, 427 U.S. 215, 96, S.Ct. 2532, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976) (concluding that a prisoner has no liberty interest in which prison he is housed). Additionally, Plaintiff does not possess a liberty interest in avoiding confinement in the SHU. <u>See</u> <u>Sandin v. Conner</u>, 515 U.S. 472, 483-87, 115 S.Ct. 2293, 132 L. Ed. 2d 418 (1995). Therefore, the FAC must be dismissed with leave to amend.

### D. **The FAC Fails To State A Claim To The Extent that Plaintiff Alleges A Right To A Particular Grievance Procedure Or Outcome**

It also appears that Plaintiff may be attempting to state a claim based on the prison's denial of his grievances. (FAC at 8-9). Though a prisoner must "exhaust his administrative remedies before filing a lawsuit concerning prison conditions," <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 821 (9th Cir. 2010) (citing 42 U.S.C. § 1997e(a)), the denial of a grievance, without more, is insufficient to establish liability. <u>See</u>

Shehee v. Luttrell, 1999 F.3d 295, 300 (6th Cir. 1999). Additionally, there is no constitutional right to a particular grievance process. Jones v. North Carlina Prisoners' Labor Union, Inc., 433 U.S. 119, 130 n.6, 97 S. Ct. 2532, 53 L. Ed. 2d 620 (1977); Mann v. Adams, 855 F.2d 639 (9th Cir. 1988).

Here, Plaintiff alleges that Warden Norwood "denied Plaintiff's request to have defendant Mia place [sic] on temporary leave of absence regardless of the fact she may attempt to victimize the plaintiff again." (FAC at 8-9). Plaintiff further states that he received a "non-responsive answer" to his BP-8 Informal Resolution Complaint Form and a denial of his BP-9 Complaint. (Id. at 9). However, there is no constitutional right to a particular grievance procedure or outcome. See, e.g. Jones, 433 U.S. at 130 n.6; Shehee, 1999 F.3d at 300. Therefore, the FAC must be dismissed with leave to amend.

**E.   The FAC Fails To State A Claim To The Extent That Plaintiff Alleges Excessive Searches**

Plaintiff alleges "excessive cell and body searches on every shift." (FAC at 9). Generally, strip searches of prisoners do not violate the Fourth Amendment. See Michenfelder v. Sumner, 860 F.2d 328, 333-34 (9th Cir. 1988). However, strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest," may be unconstitutional. Id. at 332. In considering such a claim, the court asks: 1) if the officials acted with a sufficiently culpable state of mind; and 2) if the alleged wrongdoing was objectively

harmful enough to establish a constitutional violation. <u>Hudson v. McMillian</u>, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L. Ed. 2d 156 (1992).

Here, to the extent that Plaintiff's claim is based solely on the frequency of the searches, it does not allege sufficient facts to state a claim for excessive searches. (FAC at 9); <u>see also</u> <u>Iqbal</u>, 556 U.S. at 678 (requiring allegations of facts supporting every element in a complaint). Therefore, the FAC must be dismissed with leave to amend.

**F.     The FAC Violates Federal Rule Of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Rule 8(e)(1) instructs that "[e]ach averment of a pleading shall be simple, concise, and direct." A complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint. <u>Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.</u>, 637 F.3d 1047, 1059 (9th Cir. 2011).

Here, the FAC does not comply with the standards of Rule 8. Although the FAC appears to state a claim against Officer Mia for excessive force, its remaining allegations are difficult to understand. For example, the FAC mixes potentially relevant and irrelevant facts and legal theories. Although the heart of Plaintiff's Complaint appears to be a civil rights claim against Officer Mia for violation of Plaintiff's

constitutional rights, the FAC's conspiracy allegations are unsupported and vague. (FAC at 10-12). Similarly, the nature and number of Plaintiff's other claims, if any, are also unclear.

Therefore, the FAC does not provide Defendants with fair notice of the claims in a clear and concise statement. See Twombly, 550 U.S. at 555. Accordingly, the FAC is dismissed with leave to amend. Should Plaintiff choose to file a Second Amended Complaint, Plaintiff is advised to identify the nature of his legal claims clearly, the facts giving rise to each claim, the specific Defendants against whom each claim is raised and the relief sought. Any amended complaint should discuss only those legal wrongs for which Plaintiff is seeking relief.

**IV.**

**CONCLUSION**

For the reasons stated above, the FAC is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a Second Amended Complaint. In any amended complaint, the Plaintiff shall **cure the defects** described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint.** The Second Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Second Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original Complaint or the FAC. Plaintiff shall limit his action only

to those Defendants who are properly named in such a complaint, consistent with the authorities discussed above.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>.** In any amended complaint, the Plaintiff should make clear the nature and grounds for each claim and specifically identify the defendants he maintains are liable for that claim. In addition, each page of the Second Amended Complaint, including exhibits, must be legible and consecutively numbered.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

1   **Plaintiff is explicitly cautioned that failure to timely file a
2   Second Amended Complaint, or failure to correct the deficiencies
3   described above, will result in a recommendation that this action be
4   dismissed with prejudice for failure to prosecute and obey Court orders
5   pursuant to Federal Rule of Civil Procedure 41(b).  <u>Plaintiff is further
6   advised that if he no longer wishes to pursue this action, he may
7   voluntarily dismiss it by filing a Notice of Dismissal in accordance
8   with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of
9   Dismissal is attached for Plaintiff's convenience</u>.**

11  DATED: August 8, 2012                         /S/
                                        _____
12                                      SUZANNE H. SEGAL
                                        UNITED STATES MAGISTRATE JUDGE